FILED
United States Court of Appeals
Tenth Circuit

August 7, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JIMMY E. MORRISETT,

    Defendant-Appellant.

No. 17-5061
(D.C. Nos. 4:17-CV-00157-GKF-TLW
and 4:11-CR-00173-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before, **HARTZ**, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Mr. Jimmy Morrisett pleaded guilty to engaging in an unlawful

monetary transaction. *See* 18 U.S.C. § 1957(a). In connection with this

plea, he agreed to waive his right to challenge his conviction through a

motion under 28 U.S.C. § 2255. He filed such a motion anyway, claiming

denial of his right to choice of counsel based on the government's pretrial

---

[*]     The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. Thus, we have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

seizure of his assets. The district court denied the motion, holding in part that Mr. Morrisett's challenge fell under the scope of his waiver. Mr. Morrisett appeals, and we affirm.[1]

Defendants can generally waive their right to seek relief under § 2255. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). And Mr. Morrisett expressly waived this right. But this waiver was limited, containing an exception that allowed him to file a § 2255 motion challenging the validity of the guilty plea or appellate waiver based on ineffective assistance of counsel. Invoking this exception, Mr. Morrisett claims that his attorneys provided ineffective assistance, which left him no choice but to plead guilty.

The government argues that

- Mr. Morrisett forfeited his ineffective-assistance claim by failing to raise it in district court and

- the ineffective-assistance claim does not relate to the validity of the guilty plea or appellate waiver.

For the sake of argument, we may assume that Mr. Morrisett preserved this claim and that it is outside the scope of the waiver. Even with these assumptions, the only possible claim would be ineffective assistance of counsel.

---

[1] The district court also ruled that Mr. Morrisett's motion was untimely under 28 U.S.C. § 2255(f). But we need not address timeliness because we affirm the district court's ruling on other grounds.

2

To prove ineffective assistance of counsel, Mr. Morrisett must show that his attorneys' representation "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Our review of objective reasonableness is "'highly deferential,' because 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *United States v. Deiter*, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting *Strickland*, 466 U.S. at 689–90).

Mr. Morrisett's proof is inadequate, as it does not show that the legal representation was objectively unreasonable. Mr. Morrisett alleges that his attorneys failed to investigate the case, interview witnesses, and meaningfully challenge the evidence presented by the government. But Mr. Morrisett had two court-appointed attorneys who spent thirteen months on the case, leading the district court to comment that it had "afforded [Mr. Morrisett's] defense substantially more time than it would in frankly any other case—criminal case that I've ever had." Appellant's R. vol. 1, at 231.

Based on their work over thirteen months, the defense attorneys successfully negotiated a plea agreement that allowed Mr. Morrisett to plead guilty to one count of engaging in an unlawful monetary transaction in exchange for the dismissal of 182 other charges. And at the change-of-plea hearing, Mr. Morrisett confirmed that

3

- he was completely satisfied with his attorneys,

- his attorneys had fully investigated the case and properly advised him, and

- additional resources would not have made a difference in the case.

He even lauds his attorneys' work in his original § 2255 motion: "The complexities of this case were well documented in Movant's counsel's Motion to Declare This Case a Complex Matter . . . ." *Id.* at 204.

In our view, Mr. Morrisett has not shown ineffective assistance of counsel, which is the only permissible claim under his plea waiver. Thus, we affirm the denial of Mr. Morrisett's § 2255 motion.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge